LEMMON, Judge.
This is a tort suit in which Walgreen Louisiana Company, Inc. and its insurer have appealed from an adverse judgment.
While in a Walgreen’s Drug Store, plaintiff selected a pair of clip-on sunglasses (sunglasses which fit over regular eyeglasses) from a display rack. She removed the glasses from a transparent case and observed a small price tag. Noticing that plaintiff was having difficulty fitting the clip-ons onto her. glasses, a Walgreen clerk took them from her and' accomplished the attachment. The clerk then extended the glasses with the temples open across the counter as plaintiff leaned forward. When the glasses neared her head, plaintiff received them in her hands and fitted the temples over her ears. As she did so, *424 she felt a sharp pain in her eye. Plaintiff sustained a corneal abrasion, which she alleged in this suit was caused by the price tag striking her in the eye.
On appeal defendants contend that the clip-ons with a manufacturer’s tag hanging on a two inch string were not inherently dangerous and that their clerk, in affixing the clip-on to the eyeglasses, merely accomplished what plaintiff herself was trying to do. Defendants argue that had plaintiff been successful in attaching the clip-ons to her glasses, the accident would have happened in the same manner. Thus, they argue, plaintiff’s carelessness in allowing the tag to scratch her eye is not changed by the fact that someone else attached the clip-ons with the tag to her glasses.
The record does not support this argument. Plaintiff testified that when she later examined the glasses in the doctor’s office, the tag was wedged between the clip-ons and the glasses.[1] Therefore, Walgreen’s clerk, by wedging the tag between the clip-ons and the glasses, introduced an element of danger into the situation.
Although plaintiff could not testify positively that the tag was the object which scratched her eye, the circumstances sufficiently indicate that the wedged tag was the cause of her injury. We therefore affirm the trial judge’s finding that Walgreen’s clerk was negligent.
Inasmuch as plaintiff had no reason to doubt that the clip-ons were attached in a safe manner, she was not negligent in placing the glasses on her face in that condition. We therefore also affirm the trial judge’s denial of defendants’ plea of contributory negligence.
Immediately after the January 22, 1969 accident plaintiff consulted an opthalmologist, who diagnosed a large corneal abrasion over the lower nasal quadrant of the left eye. He prescribed ophthalmic ointment, medication for pain, and bedrest. Four days later he reported that the cornea had healed completely and prescribed eye drops.
The doctor’s report of his April 16, 1969 examination indicated that he found conjunctivitis (an irritation or inflammation of the conjunctiva) of both eyes. However, plaintiff denied problems with the right eye and stated that the doctor examined only her left eye.
When pain and irritation of the left eye recurred on November 7, 1969, plaintiff consulted another ophthalmologist. This doctor diagnosed a 3 x 6 millimeter lesion on the cornea, as well as iritis (an infection of the iris of the eye). He treated her with antibiotics and an eye bandage. The doctor testified that plaintiff had to be seen over the weekend as an emergency because of severe pain and that the condition persisted for about 10 days. On November 25 the cornea had healed.
On February 27, 1970 plaintiff suffered a recurrence of the corneal lesion, which, as the doctor testified, was to be expected. He explained that lesions often recur because of failure of healing of the outer layer of the cornea. The doctor treated *425 plaintiff almost daily through March 14. At the time of trial there had been no subsequent recurrence.
The doctor testified that the injury he found was consistent with the history related by plaintiff; that the pain from this type of injury is very severe; and that he diagnosed a recurrence of the original injury from the history and from its appearance through a biomicroscope. While he admitted that conjunctivitis of both eyes would probably not be related to trauma of only one eye, he stated that iritis (which he found) is caused by irritation of a deeper structure of the eye.
We conclude that the trial judge did not commit manifest error in holding that the subsequent problems were recurrences of the original injury. Under these circumstances the award of $1,800.00 in general damages is within the “much discretion” vested in the trial judge. C.C. art. 1934(3).
The judgment is affirmed.
Affirmed.

. On this point plaintiff testified as follows :
“I presumed it was the tag, because the tag was wedged after I got upstairs, I could see that they were wedged with the tag. And instead of being flat like this, they were wedged on a straight angle like this. And they are — I couldn’t never have seen them. They were wedged facing in there.” (Tr. p. 83)
♦ . * * * *
“I knew it was there, because when I picked up the glasses I could feel the little pointy thing.” (Tr. p. 87)
Defendant’s clerk corroborated plaintiff’s testimony to some extent as follows:
“Well, she put the glasses on, and right away she pulled them over, you know, made a little noise. I said, ‘What’s the matter?’ She said, ‘Something struck me in the eye.’ And I picked the glasses up, and I felt a little tag around the edges. There was no sharp point.” (Tr. p. 112) (Emphasis supplied)